J-A17019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAULINE BRACCIO | : | |
| | : | |
| Appellant | : | No. 2047 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 9, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-SA-0000357-2020

MEMORANDUM PER CURIAM:                    **FILED AUGUST 31, 2022**

Appellant Pauline Braccio appeals *pro se* from the judgment of sentence imposed following her summary conviction for disorderly conduct.[1]  Because Appellant's failure to comply with the Rules of Appellate Procedure prevents us from providing meaningful appellate review, we are constrained to dismiss this appeal.

We adopt the trial court's summary of the facts and procedural history underlying this matter.  *See* Trial Ct. Op., 11/18/21, at 1-2.  Briefly, Appellant was charged with the summary offense of disorderly conduct after she caused a disturbance and was physically removed by sheriffs at an October 2019 Montgomery County Commissioners Meeting.  After a summary appeal hearing on September 9, 2021, the trial court found Appellant guilty and ordered her to pay a fine of $300, including court costs.

---

[1] 18 Pa.C.S. § 5503(a)(1).

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims. On appeal, Appellant has filed an appellate brief in which she sets forth the underlying facts of the case and appears to raise claims concerning the validity of her arrest and various defects in the trial court's proceedings.

Initially, we must determine whether Appellant has complied with the Pennsylvania Rules of Appellate Procedure. This is a pure question of law for which "our scope of review is plenary, and the standard of review is *de novo*." ***Commonwealth v. Walker***, 185 A.3d 969, 974 (Pa. 2018).

"[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted); ***see*** Pa.R.A.P. 2101 (stating that the court may quash or dismiss an appeal where briefs fail to conform with requirements of Rules of Appellate Procedure).

Additionally, "it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citation to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a

- 2 -

brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Id.** (citation omitted).

Further, this Court has explained:

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Ullman**, 995 A.2d at 1211-12 (citations omitted).

Here, our review of Appellant's brief reveals numerous violations of the Rules of Appellate Procedure. For example, Appellant's brief does not contain a statement of jurisdiction, an order or other determination in question, a statement of the scope and standard of review, or a statement of the case. **See** Pa.R.A.P. 2111(a) (1), (2), (3), (5). Further, Appellant does not include a statement of questions, a summary of the argument, or an argument section. **See** Pa.R.A.P. 2111, 2116, 2118-2119. Instead, Appellant's seven-page brief provides an alternative version of the underlying facts of the case and makes only vague references to the issues that she included in her Rule 1925(b) statement. **See** Appellant's Brief at 3-7 (unpaginated). Further, Appellant does not include any citations to the record, nor does she set forth relevant case law that would provide any basis for relief. **See** Pa.R.A.P. 2119.

Under these circumstances, we conclude that Appellant has failed to comply with the Rules of Appellate Procedure. Further, Appellant's brief

contains substantial defects that impede our ability to conduct meaningful appellate review. **See Hardy**, 918 A.2d at 771; **see also** Pa.R.A.P. 2101. Therefore, we dismiss Appellant's appeal and deny her applications for relief.[2]

Appeal dismissed. Applications for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2022

---

[2] While this appeal was pending, Appellant filed a "Request for Clarification," and an "Application to Vacate" before this Court. In light of our disposition, both applications for relief are denied.